IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LEONARD L. ROTH,** : |  |
| : |  |
| Petitioner, : | CIVIL ACTION NO. 3:CV-04-351 |
| : |  |
| v. : | (JUDGE CAPUTO) |
| : |  |
| **UNITED STATES OF AMERICA,** : |  |
| : |  |
| Respondent. : |  |

## MEMORANDUM

**I.   Introduction.**

Petitioner, Leonard L. Roth, an inmate at the Allenwood Low Security Correctional Institution ("LSCI-Allenwood") in White Deer, Pennsylvania, commenced this action with a *pro se* petition for writ of habeas corpus filed pursuant to the provisions of 28 U.S.C. § 2241. (Doc. 1). In the petition, Petitioner challenges the calculation of his federal sentence, and claims he is entitled to "credit for time served [on his Ohio state sentence] from October 4, 1999 through December 4, 2000 against the federal sentence he currently is serving." (Doc. 1 at 1.) A response, together with exhibits, have been filed. Petitioner has not filed a traverse. The petition is ripe for disposition. For the reasons that follow, the petition will be denied.

**II.   Background.**

The following facts are set forth in the response to the habeas petition, to which no traverse has been filed, and the allegations are accepted as true. *See* 28 U.S.C. §

2248.[1]  In 1999, Petitioner was arrested on Ohio state charges and remained at the Stark County Jail from October 4, 1999, until February 24, 2000.  On February 24, 2000, Petitioner was sent to the "Ohio Prison Institution" until his ultimate release on December 3, 2000.  On December 3, 2000, Petitioner was released from state custody to federal custody on federal charges.

On April 11, 2001, Judge Lesley Wells of the United States District Court for the Northern District of Ohio accepted Petitioner's guilty plea to two counts of a seven count indictment, which related to his state court conviction.  Petitioner admitted that: (1) he engaged in interstate travel with the intent to engage in a sexual act with a juvenile, and (2) he transported a minor in interstate commerce.

Although Petitioner faced a maximum sentence of fifteen (15) years, the probation officer calculated a guideline range of 63 to 78 months imprisonment, and on June 15, 2001, Judge Wells sentenced Petitioner to serve 63 months of imprisonment. Judge Wells further ordered that "[t]his sentence is to run concurrently with the sentenced (sic) imposed in State of Ohio v. Leonard L. Roth, Case No. 1999CR1270, in the Stark County Court of Common Pleas."  (Doc. 6 at 3.)  The Court added the following recommendations to the Bureau of Prisons:

> 1) The Court recommends that the defendant be credit (sic) for the time served as of 10/4/99, since it was the intention of this Court to run the sentence concurrent with the

---

[1]28 U.S.C. § 2248 states, in relevant part:

> The allegations of . . . an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true . . . .

>sentence the defendant is currently serving.
>
>2) The Court also recommends that this defendant be placed in an institution close to his family in Lebanon, PA . . . .

(*Id.*)

Petitioner did not appeal his sentence, and he did not file a motion challenging the sentence pursuant to FED.R.CRIM.P. 35 or 28 U.S.C. § 2255.  (Doc. 6 at 3-4.) Petitioner arrived at LSCI-Allenwood on August 22, 2001, to serve his federal sentence. On January 2, 2002, Petitioner's defense attorney filed a "Motion for Jail Time Credit" with Judge Wells, requesting that jail time credit in this matter be retroactive to October 4, 1999. (*Id.* at 4.)  Judge Wells signed "Granted" in a marginal entry Order.  (*Id.*)

On May 7, 2002, Petitioner's defense counsel filed a motion with Judge Wells for "a nunc pro tunc order correcting the original sentencing entry in this matter to reflect the appropriate amount of credit that the Defendant should have received."  (*Id.*)  On May 17, 2002, Judge Wells responded with a second marginal order: "The original entry of 15 June 2001[ ] states the court's recommendation that defendant be given credit for time served as of 10/4/99; hence, this motion is moot." (*Id.* at 4-5.)

On May 21, 2002, Petitioner's defense counsel wrote a letter to LSCI Inmate Systems Manager Matthew J. Ellis, in a further effort to obtain the credit sought.  Ellis responded the next day, denying the request.  He explained that if Judge Wells intended to give the requested credit, it should have been done with a sentence adjustment, pursuant to the provisions of U.S.S.G. § 5G1.3, "from 63 to 49 months of imprisonment." (*Id.* at 5.)

Thereafter, by letter dated February 11, 2003, from Judge Wells to Petitioner, Judge Wells stated "you have been sentenced and remanded to the custody of the Bureau of Prisons, thus I have no authority to change your sentence." (*Id*.)  The instant petition ensued, in which Petitioner claims that the Bureau of Prisons has incorrectly calculated his federal sentence, and he is entitled to the credit for time served on the state sentence.

### III.     Discussion.

#### Computation of Federal Sentence.

To calculate Petitioner's sentence, the BOP must determine: (1) when his federal sentence commenced, and (2) any credits to which Petitioner may be entitled.  18 U.S.C. § 3585.  Petitioner's federal sentence commenced after his state sentence had been fully discharged.  *See* 18 U.S.C. § 3585(a) (A federal sentence to a term of imprisonment commences on the date the prisoner "is received in custody awaiting transportation to . . . the official detention facility at which the sentence is to be served.")  Furthermore, Petitioner has appropriately received all appropriate credit for time spent in custody on his federal charges which has not been credited to another sentence, which commenced on December 3, 2000 when he was received in federal custody.  *See* 18 U.S.C. § 3585(b).

Although the federal sentence was meant to be "concurrent with the [state] sentence the defendant is **currently** serving" (emphasis added), Petitioner had completed his state sentence on December 3, 2000, over four months prior to entry of the guilty plea on April 11, 2001 and over six months prior to his federal sentencing on June 15, 2001.  Thus, Petitioner was not "currently" serving any other sentence when Judge Wells imposed the federal sentence.

In support of relief, Petitioner cites *Ruggiano v. Reish*, 307 F.3d 121 (3d Cir. 2002).  In *Ruggiano*, Petitioner was sentenced in federal court to a term of imprisonment of 112 months while he was serving an unexpired state sentence of two (2) to four (4) years on an unrelated state offense.  The federal sentence was to run concurrent with the undischarged state sentence, with credit for time served.  Although the Third Circuit held that the BOP was precluded from "crediting" for time served, the court directed "adjustment" of the state sentence to make the subsequent federal sentence fully or retroactively concurrent.

However, *Ruggiano* involved a federal sentence intended by the sentencing court to run concurrently with an undischarged state term.  Here, the concurrent state term was fully discharged when the federal sentence commenced.  Further, *Ruggiano* precludes the Bureau of Prisons from granting such credit, and clarifies that accommodation for the concurrence is effected by the sentencing judge with an "adjustment" of the federal sentence.  *Ruggiano*, 307 F.3d at 133.  Accordingly, *Ruggiano* does not serve as a basis for relief in this action.  An appropriate order follows.

   /s/ A. Richard Caputo
A. RICHARD CAPUTO
United States District Judge

Dated: June 30, 2005.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LEONARD L. ROTH,** | : |
| **Petitioner,** | : **CIVIL ACTION NO. 3:CV-04-351** |
| v. | : **(JUDGE CAPUTO)** |
| **UNITED STATES OF AMERICA,** | : |
| **Respondent.** | : |

# O R D E R

**AND NOW, THEREFORE, THIS 30th DAY OF JUNE, 2005,** in accordance with the foregoing memorandum, **IT IS HEREBY ORDERED THAT:**

1. The petition for writ of habeas corpus (Doc. 1) is **DENIED**.

2. The Clerk of Court is directed to **CLOSE** this case.


      /s/ A. Richard Caputo
      A. RICHARD CAPUTO
      United States District Judge